UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON NUNEZ,

                           Plaintiff,

          – against –

FRANCIS DELI GROCERY and EUNICE SOTO,

                       Defendants.

**<u>OPINION AND ORDER</u>**
13 Civ. 4894 (ER) (KNF)

<u>RAMOS, D.J.</u>:

      Before the Court is the Report and Recommendation ("R&R") dated March 30, 2015 of

Magistrate Judge Kevin Nathaniel Fox, to whom this matter was referred for an inquest as to

damages following an entry of default judgment against the defendants pursuant to Rule 55(a) of

the Federal Rules of Civil Procedure.  For the reasons stated herein, the Court ADOPTS the

R&R in full and directs the entry of judgment as recommended.

**I. Background**

      Between 2006 and 2013, Ramon Nunez ("Nunez" or "Plaintiff") worked in the Bronx for

the Francis Deli Grocery ("Deli") and its owner and manager Eunice Soto ("Soto" and, together

with the Deli, "Defendants").  Nunez was a non-managerial employee who performed "general

food preparation duties" at the Deli.  Compl. ¶¶ 31-34 (Doc. 1).  While employed by

Defendants, he worked seven days a week for a total of 76 hours each week:  From Monday

through Saturday, he worked from 1 p.m. to 11 p.m., and on Sunday he worked from 7 a.m. to 11

p.m. *Id.* ¶ 37.  He was paid, in cash, $350 per week, or $8.75 per hour, for a 40-hour workweek.

*Id.* ¶ 38.  However, he was not paid for any hours that he worked in excess of 40 hours and was

not provided with statements of the hours he worked or the wages he earned at the time the payroll was distributed.  *Id.* ¶¶ 40, 43.

On July 15, 2013, Nunez commenced this action against Defendants, alleging, *inter alia*, violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and New York Labor Law ("NYLL"), §§ 195(3), 650.  *Id.* ¶ 1. Copies of the Summons and Complaint were served on both Defendants on October 3, 2013. Docs. 3-4.  On November 6, 2013, as a result of Defendants' failure to answer or otherwise move with respect to the Complaint, the Clerk of Court issued a Certificate of Default.  Doc. 5.  On June 23, 2014, this Court referred the action to Magistrate Judge Fox to conduct an inquest to determine an appropriate amount of damages.  Doc. 13.  On August 26, 2014, Plaintiff filed a motion seeking an award of actual damages, liquidated damages, statutory damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs.  Doc. 20.   In support of his motion, Plaintiff submitted, among other things, a signed declaration dated December 30, 2013, a memorandum of law, and the declaration of his counsel, Michael J. Borrelli, Esq., with accompanying exhibits.  Docs. 20-24.

In the R&R, Magistrate Judge Fox recommended that Plaintiff be awarded: (a) $146,419.20 in overtime compensation damages; (b) $149,961.60 in liquidated damages; (c) $2,500.00 in statutory damages; (d) $21,435.69 in prejudgment interest; (e) post-judgment interest, pursuant to 28 U.S.C. § 1961; (f) attorneys' fees in the amount of $15,621.00; and (g) costs in the amount of $750.96.  R&R at 12.  The R&R indicated that objections, if any, would be due by April 16, 2015 and that failure to timely object would preclude later appellate review of any order of judgment entered.  *Id*.  Neither Plaintiff nor Defendants filed objections. They have therefore waived their right to object to the R&R.  *See Dow Jones & Co. v. Real-Time*

*Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)).

## II.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.  Conclusion

No party has objected to the R&R.  The Court has reviewed Magistrate Judge Fox's R&R and finds no error, clear or otherwise.  Rather, Magistrate Judge Fox reached his determination after a careful review of the parties' submissions.  R&R at 1-13.  The Court therefore ADOPTS Magistrate Judge Fox's recommended judgment regarding damages for the reasons stated in the

R&R.  The Clerk of the Court is respectfully directed to enter judgment, terminate the motion

(Doc. 20), and close this case.

It is SO ORDERED.

Dated:  April 30, 2015
New York, New York

Edgardo Ramos, U.S.D.J.